IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS BROWN,

     Plaintiff,                        No. CIV S-07-1516 FCD EFB P

     vs.

DAWN POLVOROSA,

                                 ORDER AND
     Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

     Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. The case was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis*. He also filed a request for a preliminary injunction. The court has reviewed the complaint pursuant to initial screening provisions of 28 U.S.C. § 1915A and, for the reasons explained below, finds it fails to state a claim for relief. Accordingly, the motion for preliminary injunction must be denied and the complaint must be dismissed.

     Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the

1

amount in the account exceeds $10 until the filing fee is paid.

## I.     Plaintiff's Complaint

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant.

Plaintiff alleges that the defendant is an attorney in the Public Defender's Office who represents him in a criminal matter in a state court. He asserts that he has conflicts with her and that there has been a breakdown of the attorney-client relationship. He alleges that she is confrontational when they meet to discuss his case, and he therefore feels uncomfortable asking her questions. According to the complaint, the trial court denied plaintiff's motion to have a different attorney appointed. Plaintiff alleges that as a result of these circumstances his counsel renders ineffective assistance.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). An attorney performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings does not act under color of state law and cannot be liable under Section 1983. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Franklin v. Oregon,* 662 F.2d 1337, 1345 (9th Cir. 1981). Plaintiff's allegations simply cannot state a claim that is cognizable under 24 U.S.C. § 1983.

## II.    Preliminary Injunction

For similar reasons, plaintiff's request for a preliminary injunction must also be denied. To prevail on a preliminary injunction plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*,

605 F.2d 1130, 1134 (9th Cir. 1979). He has done neither. There is no legal theory that could possibly entitle him to relief based on his allegations. Accordingly, the request must be denied.

Accordingly, it hereby is ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* is granted; and,

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, it is RECOMMENDED that:

1. Plaintiff's October 15, 2007, request for a preliminary injunction be denied; and,

2. This action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 7, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE